## Robert Hazelhurst and Isaac Hazelhurst *against* Mary Kean, administratrix of Robert Kean. —

Bills of exchange drawn in South Carolina, on a person residing in any other of the United States, and protested, the holder of the bill is entitled to 10 per cent. damages, though the bill is not returned back to South Carolina. But where such bill is only given as an additional security to a bottomree bond, no damages are recoverable.

SUIT on a bill of exchange, drawn at Charleston in South Carolina, on the 16th May 1798, by the defendant's intestate, on Henry Henderson, in Philadelphia, for $2939.13, payable to the plaintiffs at sixty days sight. The bill was accepted by Henderson on the 1st June 1798, protested on the 3d August following for non-payment, and notice thereof given immediately to the drawer.

It was admitted by the plaintiffs, that the principal sum had been paid ; but they contended, that they were entitled to 10 per cent. damages, on the protested bill, under a law of South Carolina, passed 22d March 1786, the 3d section whereof, is in these words :

" All bills of exchange drawn upon persons resident within " the United States, and out of this state, and which shall be re- " turned protested, the damages of such protested bills shall be 10 " per cent. on the sum drawn for. And all bills in like manner, " drawn upon persons resident in any part of North America, " or *within any of the West India islands and protested,  [*20 " the damages shall be 12½ per cent., and all bills drawn " on persons resident in any other part of the world, being pro- " tested, the damages shall be 15 per cent. on the sums men- " tioned in such bills respectively, and all charges incidental " thereto, with lawful interest as aforesaid, until the same be " paid." (So. Carol. Laws, 408.)

The defendant resisted the claim of damages. If the law of a sister state is to govern our courts of justice, the plaintiffs have not complied with its injunctions, by a return of the pro- tested bill.

BY THE COURT. The *lex loci* must govern in cases of this nature. Cowp. 343. The parties must be supposed to have in contemplation the law of the place, where the contract is made, and it necessarily forms a part of the contract. On bonds exe- cuted in Ireland, where the legal interest is 6 per cent., the Eng- lish courts uniformly allow Irish interest. The same rule holds as to bonds in India, and bills of exchange drawn in different parts of Europe.

In the present case, the plaintiffs are entitled to damages, un- less the words " returned protested " in the 3d section of the act, make it indispensably necessary, that the protested bill should be sent back to the state of South Carolina. Why should such bill be returned thither, unless the drawer or in- dorser, against whom the suit is to be brought, lives in that state ? Can it answer any useful or valuable purpose to return the bill, and then have it sent back in order to found a claim for damages ? In the meanwhile, the party against whom the action is intended to be brought, may leave the country, or ab- scond.

The penalty was intended to make men cautious in drawing

[Hazelhurst v. Kean's Adm'rx.]

bills ; and we think the reason of the law is fully complied with, by restricting the word " returned " to such instances, where the defendant resides within the jurisdiction of the state.   We are fortified in this opinion, by other provisions in the act.   In the cases of bills drawn on persons residing in any part of North America, out of the United States, or in the West Indies, or in any other part of the world, no return of the protested bill is made necessary ; and no rational ground can be assigned for the distinction contended for by the defendant.

The jury gave a verdict for the plaintiffs for $293.91.

A new trial was afterwards moved for, but the court adhered to the opinion which the Chief Justice had delivered, as to the damages.

*Another ground was then shewn.   It was stated on the trial, that the ship Louisa arrived at Charleston from Bordeaux in distress, and that the bill was drawn by the captain on his owner for necessary repairs, seamen's wages, &c.   But it appeared in evidence, that a bottomree bond had been taken by the plaintiffs from the captain, for the amount, and the ship had been libelled in the District Court, and sold thereupon, and the supposed principal of the bill had been received by the plaintiffs from the marshal.   This bottomree bond bore date, the day previous to the date of the bill of exchange ; and therefore the idea taken up at the trial, that the bottomree bill was not the original debt, but only a collateral security, was wholly unfounded. If the bill of exchange was drawn merely as an additional security, no damages were recoverable thereupon.

Calculations were shewn on both sides : and the court, after keeping the matter under advisement for some days, awarded a new trial.

Mr. Dallas, *pro quer.*

Messrs. E. Tilghman and Heatly, *pro def.*

Cited in 5 Wh. 425 where it appeared that a bill of exchange was drawn by the firm of A. C. & Co. in New Orleans, on the 2d of March 1837, upon a firm in New York at 60 days after sight, accepted on the 20th of March 1837, and protested for non-payment on the 22d of May 1837.   At the date of the bill and of the protest, an act of Louisiana was in force which provided, that if any person within the territory should draw or endorse any bill upon any person within the limits of the United States, and the same should be returned unpaid with a legal protest, the drawer, &c., should pay 10 per cent. damages.   This act was repealed in March 1838.   In an action brought in 1839, by the holder of the bill against A. C. & Co. (one of the firm residing in Philadelphia), it was held, that the defendant was liable for the 10 per cent. damages.

Cited in 23 Pa. 140 where it appeared that a bill of exchange was drawn on 3d July 1850, in Philadelphia, blanks being left therein for the time the bill had to run before maturity and for the names of the payee and acceptor.   The bill was sent to an agent of the payors in London where it was negotiated.   It was held that it was to be presumed that the drawers intended the bill to be received as having been drawn in Philadelphia at the time of its date ; that the party purchasing the bill in London was to be supposed as having in contemplation the law of Pennsylvania providing indemnity for dishonored bills ; that the bill was therefore subject to the provision of the act of 30th March 1821, imposing damages at the rate of 20 per cent., and not to the act of 13th May 1850 which reduced the damages to 10 per cent. on bills drawn after August 1, 1850.